IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BOBBI ROUSSEAU, | ) | |
| | ) | |
| Plaintiff, | ) | 4:09CV3108 |
| | ) | |
| v. | ) | |
| | ) | |
| THERMO KING CORPORATION, | ) | MEMORANDUM OPINION |
| a Delaware corporation, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on defendant's motion to dismiss (Filing No. 17). The motion will be granted.

## I.   *BACKGROUND AND SUMMARY OF COMPLAINT*

Plaintiff filed her complaint against defendant on May 26, 2009.[1]  (Filing No. 1.)  She alleges that she is an employee of defendant's, and in September 2007, she was the only employee given a written work plan,[2] which, plaintiff alleges, constitutes "discrimination."  (*Id.* at CM/ECF pp. 3-4.)  Plaintiff also alleges that defendant's employee, Chad Hansen, failed to file "papers for disability."  (*Id.* at CM/ECF p. 4.)

Attached to plaintiff's complaint is her "Charge of Discrimination," filed with the Nebraska Equal Opportunity

---

[1]On May 27, 2009, plaintiff initiated a separate, but nearly identical, action in Adams County, Nebraska, District Court. Defendants removed that matter to this Court on June 24, 2009 (Case No. 4:09CV3128, Filing No. 1).  Defendant filed a Motion to Consolidate these two related cases (Filing No. 19).  However, because the Memorandum Opinion and Order and Judgment dismisses this matter in its entirety, consolidation is unnecessary.

[2]The written work plan specifically states that "[t]his action plan is not a disciplinary step."  (Filing No. 1 at CM/ECF p. 11.)

Commission on December 31, 2007 (the "Charge").  (*Id.* at CM/ECF p. 9.)  In her Charge, plaintiff states that defendant discriminated against her on the basis of a disability because her "performance is satisfactory" and she was "off work since 10/29/07 due to work related stress."  (*Id.*)  Plaintiff amended her Charge on April 23, 2008, stating the exact same allegations, and adding that she submitted "dr. statements to [defendant's] safety director Chad Hansen . . . to receive short term disability benefits," but that "Mr. Hansen did not file the paperwork in a timely manner" and there was a delay in her receipt of benefits.  (*Id.* at CM/ECF p. 8.)  On April 22, 2009, plaintiff again amended her Charge, adding the statement "I am White," marking an "X" in the box "race" on the form, and adding that she was also discriminated on the basis of race.  (*Id.* at CM/ECF p. 7.)  Liberally construed, plaintiff requests that the Court "discuss issues listed," and require an "ISO representative to review" her work plan.  (*Id.* at CM/ECF p. 2.)

Defendant timely filed its motion to dismiss (Filing No. 17) and brief in support (Filing No. 18).  Plaintiff did not respond to the motion.

## II.     DEFENDANT'S MOTION TO DISMISS

### A.     Motion to Dismiss Standard

Where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted.  *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) (quotation omitted); *see also Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). As set forth in *Ashcroft*:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2). In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine

-3-

> whether they plausibly give rise to
> an entitlement to relief.

*Id.* at 1949-50. However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### B.  Plaintiff's Claims

Liberally construed, plaintiff's claims are brought pursuant to the Americans with Disabilities Act (the "ADA"). As set forth in the ADA:

> No covered entity shall
> discriminate against a qualified
> individual with a disability
> because of the disability of such
> individual in regard to job
> application procedures, the
> hiring, advancement, or discharge
> of employees, employee
> compensation, job training, and
> other terms, conditions, and
> privileges of employment.

42 U.S.C. § 12112(a). An employee seeking relief under the ADA must establish that: "[s]he was a disabled person within the meaning of the ADA, that [s]he was qualified to perform the essential functions of the job, and that [s]he suffered an adverse employment action under circumstances giving rise to an inference of unlawful discrimination." *Kozisek v. County of Seward, Nebraska*, 539 F.3d 930, 934 (8th Cir. 2008). Further, a person is disabled within the meaning of the ADA only if she demonstrates that she has a physical or mental impairment which substantially limits one or more of her major life activities,

-4-

that she has a record of such an impairment, or that she is regarded as having such an impairment. *Amir v. St. Louis University*, 184 F.3d 1017, 1027 (8th Cir. 1999). "Major life activities under the ADA are basic activities that the average person can perform with little or no difficulty, including 'caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working.'" *Battle v. United Parcel Serv., Inc.*, 438 F.3d 856, 861 (8th Cir. 2006) (quoting 29 C.F.R. § 1630.2(i)).

While it is unclear, plaintiff may also be asserting claims relating to race discrimination. Title VII of the Civil Rights Act of 1964, as amended, makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). In order to set forth a prima facie case of race discrimination, a plaintiff must allege that: (1) she is a member of a protected group; (2) she was qualified for her position; (3) she was discharged; and (4) her discharge occurred in circumstances giving rise to an inference of discrimination. *Johnson v. AT & T Corp.*, 422 F.3d 756, 761 (8th Cir. 2005).

Here, plaintiff has not alleged that she has a disability, that she was qualified to perform her job, or that she suffered an adverse employment action. Plaintiff does not

-5-

allege that she has a physical or mental impairment, or that such impairment substantially limits a major life activity. Other than the passing reference to Mr. Hansen's failure to timely process "papers for disability," the Complaint does not contain a single allegation relating to a disability (Filing No. 1 at CM/ECF p. 4). Likewise, the only mention of race is plaintiff's statement that "I know we are all 'white' all 'male/female'—I thought it was illegal to discriminate." (*Id.*) Thus, plaintiff failed to allege that she is a member of a protected group, or any other allegation supporting a prima facie case of race discrimination.

Even if the Court considers the statements set forth in the Charge, as amended, these statements are "conclusory" and amount to "[t]hreadbare recitals of the elements of a cause of action," rather than factual allegations. *Ashcroft,* 129 S. Ct. at 1950. Liberally construing the complaint, plaintiff is upset regarding the written work plan provided to her in September 2007. However, plaintiff has failed to set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" that the written work plan was related in any way to a disability or to plaintiff's race. This matter

will be dismissed.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 3rd day of November, 2009.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court